IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLAS CUP,                )
                             )
            Plaintiff,       )
                             )
    v.                       ) Civil Action No. 06-1617
                             )
MICHAEL J. ASTRUE,           )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )
            Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of March, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his application for benefits on December 30, 2003, alleging a disability onset date of June 10, 2003, due to high blood pressure, high cholesterol and a congenital defect of his right arm. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on February 10, 2005, at which plaintiff, represented by counsel, appeared and testified. On February 23, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On October 25, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 57 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school and above education, having obtained a bachelors' degree and masters' degree. He has past relevant work experience as a high school teacher, but has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of high blood pressure and a congenital defect of the right arm with prosthesis, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of his impairments.[1] Relying on the testimony of a vocational expert, who testified that based upon the ALJ's residual functional capacity finding plaintiff could return to his past relevant work, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy

---

[1] The ALJ found that plaintiff can perform a significant range of light work activity but "can only occasionally balance, stoop, kneel, crouch, and crawl but never ... climb ladders, ropes or scaffolds and his right arm is limited." (R. 20).

...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff seeks a remand of this case to the Commissioner for further evaluation of the evidence relating to the ALJ's finding of not disabled at step 4. Specifically, plaintiff contends that: (1) the ALJ failed to consider plaintiff's long work history and also relied on certain "factual inaccuracies" in assessing plaintiff's credibility; and, (2) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court believes that a remand in this case is wholly unnecessary as the ALJ properly evaluated all of the evidence of record, including the medical evidence and plaintiff's testimony, and all of the ALJ's findings

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

are supported by substantial evidence.

Plaintiff first challenges the ALJ's assessment of plaintiff's credibility. Specifically, plaintiff seeks a remand on the ground that the ALJ did not expressly discuss plaintiff's thirty-three year work history in rendering his credibility assessment. In addition, plaintiff suggests that the ALJ made certain factual misstatements regarding the evidence that also should be addressed on remand.

Upon review, the court is more than satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations[3]. After reviewing the record as a whole, the ALJ concluded that plaintiff's subjective complaints regarding his impairments and limitations were not totally credible. (R. 20). The ALJ noted the lack of objective medical evidence supporting plaintiff's assertions concerning his impairments and their limiting effects and also detailed an array of daily activities in which plaintiff engages which are inconsistent with plaintiff's asserted disabling symptoms and limitations. (R. 18-19). The ALJ thoroughly explained her credibility finding in her decision and that finding

---

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In addition, Social Security Ruling 96-7p provides guidance in evaluating symptoms and assessing the credibility of a claimant's statements regarding his or her symptoms.

AO 72
(Rev. 8/82)

is supported by substantial evidence.

Plaintiff's contention that this case should be remanded for additional evaluation of the evidence in assessing plaintiff's credibility is without merit. First, while plaintiff is correct that a long work history is a factor that the ALJ may consider in assessing credibility, it is not the only factor. SSR 96-7p. Here, the ALJ clearly was aware of plaintiff's thirty-three year work history as a teacher and in fact even referred to it in her decision. (R. 19). It likewise is obvious that the ALJ considered the record as a whole in assessing plaintiff's credibility, including the objective medical evidence, the lack of consistent medical treatment and the inconsistency between plaintiff's complaints and his daily activities. A long and distinguished work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination and a remand of this case solely so the ALJ explicitly could so state would be pointless.

Moreover, a remand of this case simply in order for the ALJ to clarify what plaintiff suggests are "factual inaccuracies" also is unwarranted. First, what plaintiff asserts are "inaccuracies" or "misstatements" more appropriately amount to nothing more than disagreements with the ALJ's interpretation of the evidence. For example, plaintiff argues that the ALJ misstated that plaintiff made the decision to retire "on his own, not upon the advice of his physician" (R. 19) when, according to plaintiff, he only followed the advice of Dr. DeGregory. (R. 101). However, the

note to which plaintiff refers from Dr. DeGregory merely recommends that plaintiff take a "leave for the semester" (R. 101) and plaintiff stated at the hearing that <u>after</u> his sabbatical he "opted to take an early retirement." (R. 141-42).

Similarly, plaintiff contends that the ALJ misstated that plaintiff did not complain of side effects from his medications, but what the ALJ actually said was that plaintiff did not describe side effects from his medication "that would prevent him from performing substantial gainful activity," (R. 18), and there is no objective medical evidence in the record that would support such a finding.

Finally, plaintiff argues that the ALJ relied on her own "lay opinion" that plaintiff's high blood pressure improved because of medication rather than the fact that plaintiff was no longer working. In support plaintiff refers only to Dr. DeGregory's note from June of 2003 stating his opinion that plaintiff's "medical problem" is "definitely aggravated by his work situation." However, there is no objective medical evidence supporting Dr. DeGregory's opinion, which consists solely of a four-sentence letter to plaintiff's employer and which does not even identify the "medical problem" for which he was treating plaintiff. (R. 101).

Moreover, it is well-settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d

125, 129 (3d Cir. 1991). Here, there is not a scintilla of medical evidence in the record from any source so much as suggesting that plaintiff's diagnosed high blood pressure results in limitations which would prevent plaintiff from performing his past relevant work.

It is clear from a review of the ALJ's decision that she adhered to the appropriate standards in evaluating <u>all</u> of the evidence, including the medical evidence as well as plaintiff's own testimony and reported daily activities, and, based upon her review of the <u>entire</u> record, concluded that plaintiff's impairments, while severe, do not preclude him from performing his past relevant work. These findings are supported by substantial evidence as outlined by the ALJ in her decision, (R. 18-19), and a remand of this case for the ALJ to re-evaluate the evidence or explicitly to address factors that in no way would affect the ultimate determination of disability is unnecessary and unwarranted.

Plaintiff's other argument is that, in finding that plaintiff retains the residual functional capacity to perform his past relevant work, the ALJ failed to discuss her rejection of the vocational expert's testimony regarding certain limitations beyond those set forth in the ALJ's residual functional capacity finding, resulting in reliance upon an incomplete hypothetical. Specifically, when questioned by plaintiff's attorney, the vocational expert testified that an individual who had to perform household chores and daily activities "at his own pace" would be

unable to work. (R. 164-65). The vocational expert also testified that an individual who needed to avoid high stress jobs with a significant amount of decisionmaking could not perform plaintiff's past relevant work as a teacher. (R. 165-66).

However, the additional limitations now advanced by plaintiff are not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 4 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
 1789 S. Braddock Ave., Suite 570
 Pittsburgh, PA 15218

 Paul Kovac
 Assistant U.S. Attorney
 U.S. Post Office & Courthouse
 700 Grant Street, Suite 4000
 Pittsburgh, PA 15219